1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SCOTT SERFLING,

11          Petitioner,                    No. CIV S-07-1234 MCE DAD P

12      vs.

13   KUMA DEBOO, Warden,

14          Respondent.            FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner is a federal prisoner proceeding pro se with a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2241.  Respondent has filed a motion to dismiss the

18   petition as premature.  Petitioner has filed an opposition, and respondent has filed a reply.  In

19   addition, petitioner has filed an unauthorized response, labeled a rebuttal, to respondent's reply.

20   See E.D. Local Rules 78-230(m).[1]

21   /////

22   /////

23

24          [1]  Contrary to petitioner's claim, respondent did not file an unauthorized response.
     Rather, petitioner erroneously titled his opposition to the pending motion as a reply brief.  To
25   avoid confusion, respondent titled their reply brief as a response.  The only unauthorized
     pleading submitted in connection with the motion was, therefore, petitioner's rebuttal, which the
26   court has nonetheless considered.

                                            1

**BACKGROUND**

Petitioner is confined at Federal Correctional Institution at Herlong, California. He is serving a sentence of seventy-eight months in the custody of the Federal Bureau of Prisons (hereinafter "BOP") imposed in the U.S. District Court for the Northern District of Illinois following his conviction on charges of wire fraud and mail fraud.  (Resp't's Mot. to Dismiss, Ex. 3.)  As of July 26, 2007, petitioner was scheduled to be released on April 26, 2011, based on the good time credits he has earned and is projected to earn in the future.  (Id. at 3.)

Petitioner challenges the BOP's refusal to consider his request for consideration for immediate transfer to a Residential Re-entry Center (hereinafter "RRC")[2] for the remainder of his sentence without regard to 28 C.F.R. §§ 570.20 and 570.21.  (Pet. at 1 & 5-6.)  Petitioner maintains that the improper application of these regulations has prevented him from being considered for release to a halfway house until he has served ninety percent of his sentence.  (Id. at 5.)  Petitioner argues that several federal courts of appeals, as well as several judges of this court, have struck down the challenged regulations as inconsistent with 18 U.S.C. § 3621(b). Petitioner concludes that, because the challenged regulations are invalid, the BOP has discretion to transfer him to an RRC prior to the last ten percent of his sentence.  (Id. at 6.)  He asks that the court grant his writ of habeas corpus and order respondent to consider his request to be transferred to an RRC in light of the factors set forth in 18 U.S.C. § 3621 without regard to 28 C.F.R. §§ 570.20 and 570.21.

**RESPONDENT'S MOTION TO DISMISS**

I.  Respondent's Motion

Respondent has moved to dismiss the petition as premature.  (Resp't's Mot. to Dismiss at 1.)  Respondent argues that in 2005 the BOP adopted the challenged regulations (28 C.F.R. §§ 570.20 and 570.21) limiting the time that an inmate can spend in a halfway house at

---

[2]  These centers were previously referred to as Community Corrections Centers and are often referred to as halfway houses.

1    the end of his sentence to the lesser of ten percent of the inmate's total sentence or six months,

2    unless special statutory circumstances apply.  (Id. at 5.)  Respondent contends that if the

3    challenged regulations were applied to petitioner's case, he could not be released to a halfway

4    house any earlier than October 26, 2010.  (Id.)

5          Respondent acknowledges that four federal courts of appeals as well as several

6    judges of this court's Fresno Division have struck down the challenged regulations as

7    contradicting Congress's intent in enacting 18 U.S.C. § 3621.  (Resp't's Mot. to Dismiss at 2 &

8    5.)  However, respondent disagrees with the conclusions reached by these courts and advises that

9    the government has appealed the decision in one of those cases, Rodriguez v. Smith, C.A. No.

10    07-16014, CV. No. 07-0190 LJO DLB HC, to the Ninth Circuit.  (Id.)

11          Moreover, respondent points out that in this case petitioner has challenged only 28

12    C.F.R. §§ 570.20 and 570.21 and not BOP Program Statement 7310.04, a separate Bureau

13    regulation regarding RRC placements.  (Resp't's Mot. to Dismiss at 6.)  The latter pre-dates the

14    challenged regulations and provides: "A final and specific release preparation plan, including a

15    decision as to CCC referral, is normally established at a team meeting no later than 11 to 13

16    months before an inmate's projected release date."  (Id.)  Respondent argues that under Program

17    Statement 7310.04 the BOP need not evaluate an inmate for RRC placement until eleven months

18    before his projected release date which is currently April 26, 2011, assuming he earns the

19    maximum amount of good time.  (Id.)  Accordingly, respondent argues that given petitioner's

20    distant release date the petition now pending before the court is premature, not ripe for

21    adjudication and should be dismissed without prejudice.  (Id.)

22          Respondent argues that this is the same conclusion reached in near-identical cases

23    both by another judge of this court as well as several other courts.  (Resp't's Mot. to Dismiss at

24    6-7.)  Respondent contends that in Arroyo v. Smith, No. CV F 07-00382 LJO DLB HC, 2007

25    WL 1725679 (E.D. Cal. June 14, 2007), the assigned magistrate judge recommended that the

26    petition be granted and that the BOP be ordered to consider the appropriateness of transferring

1   the petitioner to an RRC without reference to Bureau policy or §§ 570.20 and 570.21.  (Id. at 6-

2   7.)  However, District Judge O'Neill adopted the recommendation only with respect to the

3   striking down of 28 C.F.R. §§ 570.20 and 570.21.  See Arroyo, 2007 WL 1725679 at *1.

4   However, he concluded that the petition in that case was premature because, under Program

5   Statement 7310.04, petitioner was not entitled to be considered for RRC placement until eleven

6   months before his projected release date.  Id.  Accordingly, the court in Arroyo dismissed the

7   petition without prejudice.  Id. at *2.

8           Respondent reports that many other courts have reached the same conclusion that

9   cases such as this, where the petitioner's projected release date is more than eleven months in the

10  future, are premature in light of Program Statement 7310.04 and should be dismissed without

11  prejudice.[3]  (Resp't's Mot. to Dismiss at 7.)  Respondent argues that all of these decisions are

12  based on the principle of ripeness and the recognition that a petitioner lacks Article III standing

13  unless he has suffered an "injury in fact."  (Id. at 8.)  In this vein, respondent notes that the

14  constitutional components of standing are three-fold:

15              First, the plaintiff must have suffered an "injury in fact" – an
                invasion of a legally-protected interest which is (a) concrete and
16              particularized and (b) actual or imminent, not conjectural or
                hypothetical.  Second, there must be a causal connection between
17              the injury and the conduct complained of – the injury has to be
                fairly . . . traceable to the challenged action of the defendant. . . .
18              Third, it must be "likely," as opposed to merely "speculative," that
                the injury will be redressed by a favorable decision.
19

20  (Id. at 8) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

21          Respondent argues that here petitioner does not meet the standing criteria.  (Id.)

22  Specifically, respondent contends that Program Statement 7310.04, which petitioner has not

23          _____

24          [3]  See Patron v. Smith, No. 1:06-cv-01660-AWI-TAG HC, 2007 WL 1888796 (E.D. Cal.
    Jun. 29, 2007); Sanders v. Sanders, No. 2:06CV00025 HDY, 2006 WL 751281 (E.D. Ark. Mar.
25  21, 2006); McFadden v. Morrison, Civil No. 06-1106 (MJD/JSM), 2006 WL 2583417 (D. Minn.
    Sept. 6, 2006); Rivera v. Willingham, No. 3:06cv315 (SRU), 2006 WL 2038359 (D. Conn. July
    18, 2006); Fisher v. Morrison, Civil No. 06-1439, 2006 WL 1716135 (D. Minn. June 20, 2006);
26  Allen v. Fed, Bureau of Prisons, No. Civ. 05-4502 FLW, 2006 WL 20527 (D.N.J. Jan 3, 2006).

4

1    challenged, authorizes the BOP to evaluate him for an RRC placement as late as eleven months

2    before his projected good conduct release date of April 26, 2011.  (Id.)  Respondent observes that

3    a ruling from the Ninth Circuit in the Rodriguez case as to the validity of 28 C.F.R. §§ 570.20

4    and 570.21 will almost certainly be rendered long before May 2010.  Accordingly, respondent

5    maintains that there is no need for intervention by the court at this time and that should court

6    intervention become necessary, petitioner can file a petition seeking habeas relief once he gets

7    within eleven months of his projected release date.  (Id.)  However, for now, respondent contends

8    that petitioner fails to present an issue that is ripe for decision and his petition should be

9    dismissed as premature.[4]  (Id. at 9.)

10   II.  Petitioner's Opposition

11           Petitioner opposes the motion to dismiss, arguing that §§ 570.20 and 570.21 have

12   been applied to him and that he therefore has standing and his case is ripe for review.  (Pet'r's

13   Opp'n to Resp't's Mot. to Dismiss at 2-3.)  Specifically, petitioner notes that he submitted

14   "Inmate Request to Staff" forms on June 10, 2007 and again on August 20, 2007, requesting that

15   his Case Manager, Merle Causey, consider him for an immediate transfer to a halfway house,

16   taking into account the five factors set forth in 18 U.S.C. § 3621(b) without regard to 28 C.F.R.

17   §§ 570.20 and 570.21.  (Id. at 2-3.)  The Case Manager replied in writing as follows:  "In

18   Accordance with the attached memorandum dated 2/4/05, and 28 CFR Section 570.20 referenced

19   therein, I am unable to grant your request."  (Id. at 3.)  Thus, petitioner contends that the

20   /////

21

22           [4]  Petitioner contends that he "has attempted to exhaust his administrative remedies,
     however it is still in process."  (Pet. at 4-5.)  Petitioner further asserts that exhaustion of
23   administrative remedies  would be futile in this case.  (Id. at 5.)  Respondent argues that,
     ordinarily, this petition would be subject to dismissal for failure to exhaust administrative
24   remedies.  However, respondent agrees that petitioner is challenging a regulation and nothing
     about his particular situation affects the interpretation of the regulation. Accordingly, respondent
25   concedes that exhaustion would be futile and therefore the court can consider his arguments.
     (Resp't's Mot. to Dismiss at 4-5.)  The court accepts the concession despite respondent's
26   wavering in the reply.

1    challenged regulations were therefore applied in his case and prevented him from being

2    evaluated for placement in a halfway house.  (Id.)

3            Petitioner argues that under § 3621(b), the Bureau may place an inmate in an RRC

4    for six months or more.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3.)  He also contends that

5    an inmate may be evaluated for placement in an RRC prior to eleven to thirteen months before

6    his projected release date.  (Id. at 4.)  In this regard he notes that Program Statement 7310.04

7    merely states that  "a decision as to CCC referral is normally established at a team meeting no

8    later than eleven to thirteen months before an inmate's projected release date."  (Id.)

9            Petitioner contends that the Bureau's refusal to take into account the five statutory

10    factors before considering him for transfer to an RRC is in direct conflict with the unambiguous

11    intent of Congress in enacting § 3621.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 5.)

12    Petitioner argues that waiting until he is within eleven months of his projected release date for a

13    decision on RRC placement is not sufficient relief because he is currently being injured by

14    application of the challenged regulations and that existing injury is ongoing.  (Id.)

15    III.  Respondent's Reply

16            In reply, respondent argues that it is the BOP's policy, not a particular staff

17    member's brief reply to petitioner's request, that determines when petitioner will be considered

18    and evaluated for RRC placement.  (Resp't's Reply at 2.)  Respondent again contends that under

19    Program Statement 7310.04, an inmate has no right to such an evaluation until eleven months

20    prior to his projected release date.  (Id.)  Respondent points to the decision in Vaughn v. Smith,

21    No. 1:07-cv-00351-LJO-TAG HC, 2007 WL 1888807, at 4 (E.D. Cal. 2007), in which

22    Magistrate Judge Goldner of this court specifically explained how Program Statement 7310.04 is

23    not contrary to 18 U.S.C. § 3621(b), concluding that the Program Statement "simply insures that

24    inmates will receive an RRC assessment sufficiently in advance of their release date to permit

25    them to make appropriate plans prior to their transfer."  Judge Goldner concluded that because

26    the Program Statement did not run afoul of § 3621(b) and their was no authority requiring the

BOP to either conduct its RRC eligibility reviews or immediately transfer a prisoner to an RRC

"on demand of the prisoner," the petition before the court was premature.  (Id. at 3.)  Respondent

maintains that because petitioner in this case is not yet entitled to an evaluation for transfer to an

RRC in light of his projected release date, the petition before the court is premature and should

be dismissed without prejudice to its refiling if petitioner comes within eleven months of his

projected release date without being evaluated for transfer to a RRC.[5]  (Id.)

## ANALYSIS[6]

### I. 28 U.S.C. § 2241

Habeas relief extends to a person in custody under the authority of the United

States.  28 U.S.C. § 2241.  Such relief is available if a federal prisoner can show he is "in custody

in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

Petitioner's claims in this case are properly brought  under § 2241 because they concern the

/////

---

[5]  Respondent takes the position that, technically, the Case Manager's response to petitioner's request for consideration for immediate transfer was correct.  (Resp't's Reply at 3.)  Pursuant to BOP policy, petitioner cannot be transferred to a RRC until six months prior to his scheduled release.  In this regard, respondent explains that BOP policy remains that expressed in 28 C.F.R. §§ 570.20-21 and that policy is being defended before the Ninth Circuit.  (Id.)  As a practical matter, however, respondent notes that because judges of this court have struck down the challenged regulations, the BOP is evaluating prisoners without regard to those regulations when they have filed habeas petitions in this court.  To that extent, respondent states that the Case Manager's response to petitioner was incorrect.  (Id.)

[6]  Judges of the Fresno Division of this court have addressed the issue presented in this case on numerous occasions.  See, e.g., Rudd v. Smith, No. 1:07-cv-01073 DLB (HC), 2007 WL 4557105 (E.D. Cal. Dec. 21, 2007); Schuh v. Smith, No. 1:06-cv-1896-LJO-TAG HC, 2007 WL 2900215 (E.D. Cal. Oct. 4. 2007); Guardiola v. Smith, No. 1:07-cv-0174 AWI- TAG HC, 2007 WL 2155709 (E.D. Cal. July 26, 2007); Lopez v. Wrigley, No. 1:07-cv-0116 AWI-TAG HC, 2007 WL 1946649 (E.D. Cal. July 2, 2007); Vaughn v. Smith, No. 1:07-cv-0351 LJO-TAG HC, 2007 WL 1888807 (E.D. Cal. June 29, 2007); Patron v. Smith, No. 1:06-cv-1660 AWI- TAG HC, 2007 WL 1888796 (E.D. Cal. June 29, 2007); Nichols v. Smith, No. 1:06-cv-1534 LJO-TAG HC, 2007 WL 1888795 (E.D. Cal. June 29, 2007); Bun v. Smith, No. 1:07-cv-0097 AWI-TAG HC, 2007 WL 1795767 (E.D. Cal. June 21, 2007); Harding v. Smith, No. 1:07-cv-0133 LJO-TAG HC, 2007 WL 1747103 (E.D. Cal. June 18, 2007); Arroyo v. Smith, No. CV F-07-0382 LJO DLB HC, 2007 WL 1725679 (E.D. Cal. June 14, 2007).  The undersigned finds the analysis set forth in these decisions to be persuasive and therefore adopts much of their language and reasoning.

1  manner, location, or conditions of the execution of his sentence and not the fact of his conviction

2  or sentence.  Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1990).

3  II.  Statutory and Regulatory Provisions

4      A.  Statutory Provisions

5          In relevant part, 18 U.S.C. § 3621(b) provides:

6          The Bureau of Prisons shall designate the place of the prisoner's
           imprisonment.  The Bureau may designate any available penal or
7          correctional facility that meets minimum standards of health and
           habitability established by the Bureau . . . considering:

8
           (1) the resources of the facility contemplated;
9          (2) the nature and circumstances of the offense;
           (3) the history and characteristics of the prisoner;
10         (4) any statement by the court that imposed the sentence –
               (A) concerning the purposes for which the sentence to
11             imprisonment was determined to be warranted or
               (B) recommending a type of penal or correctional facility as
12             appropriate; and
           (5) any pertinent policy statement issued by the Sentencing
13         Commission pursuant to section 994(a)(2) of title 28.

14 Title 18 U.S.C. Section 3624(c) provides:

15         The Bureau of Prisons shall, to the extent practicable, assure that a
           prisoner serving a term of imprisonment spends a reasonable part,
16         not to exceed six months, of the last 10 per centum of the term to
           be served under conditions that will afford the prisoner a
17         reasonable opportunity to adjust to and prepare for the prisoner's
           re-entry into the community.

18

19     B.  Regulatory Provisions

20         The BOP implemented these statutory provisions through Program Statement

21 7310.04, entitled "Community Correction Center (CCC) Utilization and Transfer Procedures."

22 (Resp't's Mot. to Dismiss, Ex. 1.)  The Program Statement states that "[n]ormally, 11 to 13

23 months before each inmate's probable release date, the unit team shall decide whether to refer an

24 inmate to a Community Corrections program."  (Id. at 12.)  Despite the "10 per centum" and "not

25 to exceed six months" language of § 3624(c), some federal prisoners were in fact designated to

26 serve longer periods of their sentences in halfway houses.

1    However, in 2005 the BOP adopted new regulations, 28 C.F.R. §§ 570.20 &

2  570.21, which limited the portions of their sentences prisoners could serve in halfway houses to

3  the lesser of six months or ten percent of their total sentence.  These regulations have been the

4  subject of much litigation with four federal courts of appeals having struck them down on the

5  grounds that 18 U.S.C. § 3621 does not authorize the limits on RRC placement imposed by the

6  regulations.  See Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007); Levine v. Apker, 455

7  F.3d 71 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006); Woodall v. Federal

8  Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005).  Several judges of this court have also so held.

9  See, e.g., Horn v. Ellis, No. 1:06-cv-0060 OWW-TAG HC, 2006 WL 1071959 (E.D. Cal. Apr.

10 21, 2006); Arcediano v. Wrigley, No. 1:06-cv-0780 AWI-DLB HC, 2006 WL 2692876 (E.D.

11 Cal. Sept. 18, 2006); Rodriguez v. Smith, No. 1:07-cv-0190 LJO NEW (DLB) HC, 2007 WL

12 628663 (E.D. Cal. Feb. 28, 2007).  The Ninth Circuit currently has the issue before it by way of

13 the government's appeal in Rodriguez v. Smith, C.A. No. 07-16014, No. 1:07-cv-0190 LJO

14 NEW (DLB) HC.

15 III.  Exhaustion of Administrative Remedies

16    A preliminary question in this case is whether petitioner has exhausted available

17 administrative remedies.  Before filing a petition for writ of habeas corpus, a federal prisoner

18 challenging any circumstance of imprisonment must exhaust all administrative remedies.

19 Western Radio Services Co. v. Espy, 79 F.3d 896, 899 (9th Cir.1996); Martinez v. Roberts, 804

20 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.

21 1984).  However, this prerequisite for filing a § 2241 petition is judicially created and is not a

22 statutory requirement.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other

23 grounds, Reno v. Koray, 515 U.S. 50, 54-55, 115 S. Ct. 2021, 132 L.Ed. 2d 46 (1995).  "Because

24 exhaustion is not required by statute, it is not jurisdictional."  Brown, 895 F.2d at 535.  If a

25 petitioner has not properly exhausted his claims, the district court, in its discretion, may either

26 "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his

1   administrative remedies before proceeding in court." Id.. McCarthy v. Madigan, 503 U.S. 140,

2   144-145 (1992), superceded by 42 U.S.C. § 1997(e).

3         One of the primary purposes for requiring administrative exhaustion is to allow

4   the agency an opportunity to remedy its own mistakes before being haled into court. McCarthy,

5   503 U.S. at 145. This applies with particular force when the challenged action involves an

6   exercise of the agency's discretionary power. Id. Thus, exhaustion of administrative remedies

7   would be futile and should be excused if the agency lacks authority to grant the requested relief

8   or has predetermined the issue before it. Id. at 148.

9         As noted above, in this case respondent concedes that exhaustion would be futile

10  and the undersigned agrees. Futility is an exception to the exhaustion requirement. Laing v.

11  Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) ("exceptions to the general rule requiring

12  exhaustion cover situations such as where administrative remedies are inadequate or not

13  efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will

14  result, or the administrative proceedings would be void.") (citing S.E.C. v. G.C. George Sec., 637

15  F.2d 685, 688 n.4 (9th Cir. 1981)). Even if petitioner had pursued a grievance through the

16  administrative review process, his grievances would have been rejected since the BOP has

17  maintained a consistent position regarding requests such as petitioner's based upon the BOP

18  policy prohibiting consideration of placement in a RRC until the inmate has served at least ninety

19  percent of his sentence. Accordingly, the court will excuse petitioner's non-exhaustion.

20  IV. Ripeness

21        Article III of the United States Constitution limits the federal courts to deciding

22  "cases" and "controversies." To ensure that any matter presented to a federal court meets the

23  "cases" and "controversies" requirement, the court considers the doctrines of standing, ripeness,

24  and mootness. Poe v. Ullman, 367 U.S. 497, 502-05 (1961). Standing requires a court to

25  determine whether a specific person is the proper party to invoke the power of a federal court.

26  Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1153, 1157 (9th Cir. 2002). "In

1   essence the question of standing is whether the litigant is entitled to have the court decide the

2   merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975).  To

3   establish standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's

4   allegedly unlawful conduct and likely to be redressed by the requested relief." DaimlerChrysler

5   Corp. v. Cuno, 547 U.S. 332, ___, 126 S. Ct. 1854, 1856 (2006) (quoting Allen v. Wright, 468

6   U.S. 737, 751 (1984)).  The injury must be "an invasion of a legally protected interest which is

7   (a) concrete and particularized and (b) 'actual or imminent,' not 'conjectural' or 'hypothetical.'"

8   Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted).

9          Closely related to standing is the issue of ripeness.  The ripeness doctrine serves

10  "to prevent the courts, through avoidance of premature adjudication, from entangling themselves

11  in abstract disagreements over administrative policies, and also to protect the agencies from

12  judicial interference until an administrative decision has been formalized and its effects felt in a

13  concrete way by the challenging parties.  Abbott Labs. v. Gardner, 387 U.S. 136, 148-49 (1967),

14  overruled on other grounds, Califano v. Sanders, 430 U.S. 136 (1967).  The Supreme Court has

15  stated that to meet the ripeness standard, a plaintiff must show either a specific present objective

16  harm or the threat of specific future harm.  Laird v. Tatum, 408 U.S. 1, 14 (1972).  Thus, "[a]

17  claim is not ripe for adjudication if it rests upon contingent future events that may not occur as

18  anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998)

19  (internal citations omitted).

20         Given the facts in this case, the court finds respondent's arguments in this regard

21  to be persuasive.  Even if petitioner had properly challenged the validity of BOP Program

22  Statement 7310.04, that regulation does not improperly limit the discretion of the BOP to make

23  an RRC placement in any individual case.  Rather, it merely requires that the BOP make an RRC

24  placement assessment at least eleven to thirteen months prior to the inmate's release date, thereby

25  assuring that inmates receive an assessment sufficiently in advance of their release date to permit

26  them to make appropriate plans prior to their transfer.  Nothing in the Program Statement

1   intrudes on the BOP's exercise of discretion in making its RRC assessment.  In this regard, the

2   Program Statement is not in any way analogous to §§ 570.20 and 570.21, which many courts

3   have found to be an unlawful limitation on the discretion vested in the BOP by 18 U.S.C. §

4   3621(b).

5            Because petitioner's earliest projected release date is not until April 26, 2011,

6   under Program Statement 7310.04 the assessment team need not consider him for RRC

7   placement until May 2010, more than two years from now.  Because petitioner is not presently

8   entitled to an RRC assessment under the applicable BOP regulation, he cannot show either a

9   specific present objective harm or the threat of specific future harm.  Laird, 408 U.S. at 14.

10  Indeed, petitioner's projected release date is tentative at this point and events could transpire

11  between now and April 26, 2011 that would result in the postponement of that release date.  For

12  these reason, petitioner's claim of a right to an immediate RRC assessment rests "upon

13  contingent future events that may not occur as anticipated, or indeed may not occur at all."  Texas

14  v. United States, 523 U.S. at 300.  Accordingly, petitioner's claim is not ripe for resolution and

15  he presently lacks standing to litigate the matter.  See Rudd v. Smith, No. 1:07-cv-01073 DLB

16  (HC), 2007 WL 4557105 (E.D. Cal. Dec. 21, 2007); Schuh v. Smith, No. 1:06-cv-1896-LJO-

17  TAG HC, 2007 WL 2900215 (E.D. Cal. Oct. 4. 2007); Guardiola v. Smith, No. 1:07-cv-0174

18  AWI- TAG HC, 2007 WL 2155709 (E.D. Cal. July 26, 2007); Lopez v. Wrigley, No. 1:07-cv-

19  0116 AWI-TAG HC, 2007 WL 1946649 (E.D. Cal. July 2, 2007); Vaughn v. Smith, No. 1:07-cv-

20  0351 LJO-TAG HC, 2007 WL 1888807 (E.D. Cal. June 29, 2007); Patron v. Smith, No. 1:06-cv-

21  1660 AWI- TAG HC, 2007 WL 1888796 (E.D. Cal. June 29, 2007); Nichols v. Smith, No. 1:06-

22  cv-1534 LJO-TAG HC, 2007 WL 1888795 (E.D. Cal. June 29, 2007); Bun v. Smith, No. 1:07-

23  cv-0097 AWI-TAG HC, 2007 WL 1795767 (E.D. Cal. June 21, 2007); Harding v. Smith, No.

24  1:07-cv-0133 LJO-TAG HC, 2007 WL 1747103 (E.D. Cal. June 18, 2007); Arroyo v. Smith, No.

25  CV F-07-0382 LJO DLB HC, 2007 WL 1725679 (E.D. Cal. June 14, 2007).

26  /////

1    Under the decisions of four courts of appeals as well as several judges of this

2  court cited above, petitioner would eventually be entitled to an RRC assessment made

3  independently of 28 C.F.R. §§ 570.20 and 570.21.  However, petitioner can cite no authority for

4  the proposition that he has either a statutory or constitutional right to an immediate RRC

5  assessment or an assessment upon demand.

6                                          **CONCLUSION**

7    Accordingly, IT IS HEREBY RECOMMENDED that respondent's August 22,

8  2007 motion to dismiss the petition without prejudice as premature be granted.

9    These findings and recommendations are submitted to the United States District

10  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen

11  days after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

14  shall be served and filed within five days after service of the objections.  The parties are advised

15  that failure to file objections within the specified time may waive the right to appeal the District

16  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  DATED: February 22, 2008.

18

19                                                    _____

20                                                    DALE A. DROZD
                                                     UNITED STATES MAGISTRATE JUDGE

21  DAD:9
    serf1234.157

22

23

24

25

26