IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT SERFLING,

      Petitioner,                    No. CIV S-07-1234 MCE DAD P

   vs.

KUMA DEBOO, Warden,

<u>ORDER</u>

      Respondent.

_____/

On June 16, 2008, the court adopted the magistrate judge's findings and recommendations in full and granted respondent's motion to dismiss petitioner's application for a writ of habeas corpus as premature.[1] Judgment was entered on that same day. On June 27, 2008, petitioner filed a document entitled in part "Motion to Vacate Judgment." The court has construed petitioner's motion as a motion brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This rule provides:

/////

---

[1] Due to a clerical error, the court's order adopting the magistrate judge's findings and recommendations and dismissing the petition inadvertently omitted reference to the objections to the findings and recommendations filed by petitioner on June 9, 2008. Petitioner is advised that the court reviewed the entire file in this case, including petitioner's objections, before issuing its June 16, 2008, order.

1

On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment.

In his motion, petitioner argues that the court abused its discretion and issued a decision unsupported by evidence in the record. Petitioner also argues that he is entitled to an immediate transfer to a halfway house.

Petitioner's motion fails to demonstrate that he is entitled to relief under any of the provisions of Rule 60(b). While petitioner clearly disagrees with the dismissal of his case, at no point does he explain why be believes the court erred in its legal analysis. In particular, petitioner cites no authority for the proposition that he has either a statutory or constitutional right to an immediate placement at a halfway house. Petitioner's earliest projected release date is not until April 26, 2011. As such, and as explained in the magistrate judge's findings and recommendations, the Federal Bureau of Prisons' assessment team need not consider him for placement in a halfway house until May 2010. Thus, petitioner's petition was properly dismissed as premature. Petitioner's disagreement with the outcome of this case, without more, does not entitle him to relief under Rule 60(b). Accordingly, the court will deny plaintiff's Motion to Vacate Judgment (Doc. No. 21).

Also before the court is petitioner's motion for summary judgment. As noted above, on June 16, 2008, judgment was entered in this case and the action was closed. Petitioner's motion for summary judgment in this closed case is not a proper filing. Accordingly, the court will disregard it.

/////

/////

1         In accordance with the above, IT IS HEREBY ORDERED that:

2         1.  Petitioner's June 27, 2008 motion to vacate the judgment (Doc. No. 21) is

3 denied; and

4         2.  Petitioner's July 24, 2008 motion for summary judgment (Doc. No. 23) will be

5 disregarded.

6  Dated: August 19, 2008

7

8                                   MORRISON C. ENGLAND, JR.
                                  UNITED STATES DISTRICT JUDGE